CLARE E. CONNORS          7936
Attorney General of Hawaii

CARON M. INAGAKI          3835
RYAN M. AKAMINE           4358
Deputy Attorneys General
Department of the Attorney
  General, State of Hawaii
425 Queen Street
Honolulu, Hawaii 96813
Telephone: (808) 586-1494
Facsimile: (808) 586-1369
Email:     Caron.M.Inagaki@hawaii.gov
           Ryan.M.Akamine@hawaii.gov

Attorneys for Defendants
CLARE E. CONNORS and
AL CUMMINGS, in their official capacities

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANDREW TETER and JAMES GRELL,<br><br>      Plaintiffs,<br><br>v.<br><br>CLARE E. CONNORS, in her Official Capacity as the Attorney General of the State of Hawaii, and AL CUMMINGS, in his Official Capacity as the State Sheriff Division Administrator,<br><br>      Defendants. | Civil No. CV19-00183-ACK-WRP<br><br>DEFENDANTS CLARE E. CONNORS AND AL CUMMINGS', IN THEIR OFFICIAL CAPACITIES, ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF; CERTIFICATE OF SERVICE |

769490_1

## DEFENDANTS CLARE E. CONNORS AND AL CUMMINGS', IN THEIR OFFICIAL CAPACITIES, ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Defendants CLARE E. CONNORS, in her Official Capacity as the Attorney General of the State of Hawaii, and AL CUMMINGS, in his Official Capacity as the State Sheriff Division Administrator (hereinafter "Defendants"), by and through their attorneys Clare E. Connors, Attorney General, and Caron M. Inagaki and Ryan M. Akamine, Deputy Attorneys General, hereby answer the COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF (ECF 1) (hereinafter "Complaint") filed by ANDREW TETER and JAMES GRELL (hereinafter "Plaintiffs") on April 10, 2019, as follows:

## FIRST DEFENSE

The Complaint fails to state a claim against Defendants upon which relief can be granted.

## SECOND DEFENSE

1. As to Complaint allegations in Paragraphs 1 and 2 on PageID #: 1, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies the same.

2. As to Complaint allegations in Paragraph 3 on PageID #: 1, Defendants admit that Defendant Clare E. Connors is the Attorney General of the

State of Hawaii, is being sued in her official capacity, and that as Attorney General she is the head of the Department of the Attorney General, which administers and renders state legal services in accordance with Hawaii Revised Statutes § 26-7.

3. As to Complaint allegations in Paragraph 4 on PageID #: 2, Defendants admit that Defendant Al Cummings is being sued in his official capacity as State Sheriff of the Sheriff Division in the Law Enforcement Division of the Department of Public Safety, State of Hawaii. The functions and duties of deputy sheriffs vary in scope and nature, and all Sheriff Division staff work in conjunction with other federal, state, and county law enforcement agencies to provide for the health, safety and welfare of all citizens in the State of Hawaii. Defendants deny the remaining allegations in the paragraph.

4. As to Complaint allegations in Paragraphs 5 and 6 on PageID #: 2, these paragraphs set forth Plaintiffs' jurisdiction and venue assertions that present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required.

5. As to the Complaint allegations in Paragraphs 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25 on PageID #: 3 through 7, the documents referenced in the allegations speak for themselves, and may or may not stand for or mean what Plaintiffs say they stand for or mean, and may or may not be the law controlling in the instant case, depending on the jurisdiction of the cited

document, and Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the statements of fact made in the allegations contained therein, and therefore deny the same.

   6. As to the Complaint allegations in Paragraphs 26, 27, 28 on PageID #: 7 and 8, these are statements of the claims asserted, and Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

   7. As to the Complaint allegations in Paragraphs 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47 on PageID #: 8 through 11, the documents referenced in the allegations speak for themselves, and may or may not stand for or mean what Plaintiffs say they stand for or mean, and may or may not be the law controlling in the instant case, depending on the jurisdiction of the cited document, and Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the statements of fact made in the allegations contained therein, and therefore deny the same.

   8. As to the Complaint allegations in Paragraphs 48, 49, 50, 51 on PageID #: 11, the Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the statements of fact made in the allegations contained therein, and therefore deny the same.

9. As to the Complaint allegations in Paragraph 52 on PageID #: 12, Defendants admit that butterfly knives are prohibited in Hawaii pursuant to Hawaii Revised Statutes § 134-53.

10. As to the Complaint allegations in Paragraphs 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65 on PageID #: 12 through 14, the documents referenced in the allegations speak for themselves, and may or may not stand for or mean what Plaintiffs say they stand for or mean, and may or may not be the law controlling in the instant case, depending on the jurisdiction of the cited document, and Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the statements of fact made in the allegations contained therein, and therefore deny the same.

11. As to the Complaint allegations in Paragraphs 66, 67, 68 on PageID #: 14, the Defendants deny the allegations contained therein.

12. As to the Complaint allegations in Paragraphs 69, 70, 71, 72 on PageID #: 14, the Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the statements of fact made in the allegations contained therein, and therefore deny the same.

13. As to the Complaint allegations in Paragraphs 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85 on PageID #: 14 through 16, the documents referenced in the allegations speak for themselves, and may or may not stand for or mean what

Plaintiffs say they stand for or mean, and may or may not be the law controlling in the instant case, depending on the jurisdiction of the cited document, and Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the statements of fact made in the allegations contained therein, and therefore deny the same.

14. As to the Complaint allegations in Paragraphs 86, 87, 88, 89, 90, 91, 92, 93, 94, 95 on PageID #: 16 through 17, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

15. As to the Complaint allegations in Paragraphs 96, 97, 98, 99, 100, 101, 102 on PageID #: 17, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

16. As to Complaint allegations in Paragraphs 103 and 106 on PageID #: 18, the Defendants repeat and restate their responses contained herein.

17. As to Complaint allegations in Paragraphs 104, 105, 111, 112 on PageID #: 18 and 19, the Defendants deny that Plaintiffs' rights under the Second Amendment or 42 U.S.C. § 1983 are being violated, deny that Plaintiffs are entitled to preliminary and injunctive relief, deny that Plaintiffs are entitled to a

declaratory ruling by the court, and deny all remaining allegations contained therein.

18. As to Complaint allegations in Paragraphs 107 and 108 on PageID #: 18, the Defendants deny that Plaintiffs are entitled to declaratory relief, or that there is a substantial likelihood that Plaintiffs will suffer irreparable injury in the future, and deny all remaining allegations contained therein.

19. As to Complaint allegations in Paragraphs 109 and 110 on PageID #: 19, the Defendants deny that there is an actual controversy to warrant the issuance of a declaratory judgement, or that the court possesses an independent basis for jurisdiction, and deny all remaining allegations contained therein.

## THIRD DEFENSE

Defendants deny all remaining allegations in the Complaint not specifically admitted above.

## FOURTH DEFENSE

Plaintiffs' allegations are not the proper subject of an action under 42 U.S.C. § 1983, as there was no action under color of law that violated Plaintiffs' civil rights.

## FIFTH DEFENSE

Plaintiffs' claims may be barred by the doctrine of sovereign immunity, and/or the absolute or qualified immunity of its employees and officers.

## SIXTH DEFENSE

Some or all of the Plaintiffs' claims may be barred by the Eleventh Amendment to the Constitution of the United States.

## SEVENTH DEFENSE

Plaintiffs' claims are not ripe or are otherwise not justiciable.

## EIGHTH DEFENSE

Plaintiffs' claims may be barred by the doctrine of waiver, estoppel, res judicata, collateral estoppel, release, laches, the applicable statute of limitations, accord and satisfaction, assumption of risk, license, release, waiver and/or other affirmative defenses that may apply in the circumstances.

## NINTH DEFENSE

Defendants reserve the right to assert any affirmative or other defense that becomes known through discovery and will seek leave to amend their Answer to allege any such defenses and to assert any other defenses, claims, cross-claims and counterclaims as discovery and the evidence may permit.

WHEREFORE, Defendants pray that:

1. The Complaint For Declaratory And Injunctive Relief (ECF 1) filed herein be dismissed;

2. They be awarded reasonable attorney's fees and costs incurred herein; and

3. The Court grants such further relief as it deems just, proper and equitable.

Dated: Honolulu, Hawaii, May 28, 2019.

        STATE OF HAWAII

        CLARE E. CONNORS
        Attorney General of Hawaii

        /s/ Ryan M. Akamine
        CARON M. INAGAKI
        RYAN M. AKAMINE
        Deputy Attorneys General

        Attorneys for Defendants
        CLARE E. CONNORS and
        AL CUMMINGS, in their official
        capacities