CLARE E. CONNORS          7936
Attorney General of Hawaii

CARON M. INAGAKI         3835
RYAN M. AKAMINE          4358
Deputy Attorneys General
Department of the Attorney
  General, State of Hawaii
425 Queen Street
Honolulu, Hawaii 96813
Telephone: (808) 586-1494
e-mail:  Caron.M.Inagaki@hawaii.gov
         Ryan.M.Akamine@hawaii.gov

Attorneys for Defendants
CLARE E. CONNORS and
AL CUMMINGS, in their official capacities

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANDREW TETER and JAMES GRELL,<br><br>　　　　　　　　Plaintiffs,<br><br>　　　　　v.<br><br>CLARE E. CONNORS, in her Official Capacity as the Attorney General of the State of Hawaii, and AL CUMMINGS, in his Official Capacity as the State Sheriff Division Administrator,<br><br>　　　　　　　　Defendants. | Civil No. CV19-00183-ACK-WRP<br><br>DEFENDANTS CLARE E. CONNORS AND AL CUMMINGS', IN THEIR OFFICIAL CAPACITIES, SCHEDULING CONFERENCE STATEMENT; CERTIFICATE OF SERVICE<br><br>Scheduling Conference:<br>Date:  June 14, 2019<br>Time: 9:30 a.m.<br>Magistrate Judge Wes Reber Porter<br><br>Trial Date:  None Set |

771246_2

DEFENDANTS CLARE E. CONNORS AND AL CUMMINGS', IN THEIR OFFICIAL CAPACITIES, SCHEDULING CONFERENCE STATEMENT

Defendants CLARE E. CONNORS, in her official capacity as the Attorney General of the State of Hawaii, and AL CUMMINGS, in his official capacity as the State Sheriff Division Administrator (hereinafter "Defendants"), by and through their attorneys Clare E. Connors, Attorney General, and Caron M. Inagaki and Ryan M. Akamine, Deputy Attorneys General, hereby submit their Scheduling Conference Statement pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16.2(b).

1.  Short Statement of the Case

The Plaintiffs allege that Defendants, acting in their official capacity and responsibility to enforce Hawaii laws, violated their Second Amendment constitutional rights by preventing them from acquiring, possessing, carrying, and using butterfly knives. They seek an injunction preventing enforcement against them of the applicable Hawaii law, Hawaii Revised Statutes (HRS) § 134-53, pertaining to butterfly knives. They also allege the same Hawaii law is unconstitutional, and seek declaratory judgment that the Hawaii law violates the Second Amendment.

Defendants deny that HRS § 134-53 is unconstitutional and violative of the Second Amendment, and that Plaintiffs are entitled to the relief that they seek.

2. <u>Jurisdiction and Venue</u>

The Plaintiffs allege that the Court has original jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. § 1983, and venue pursuant to 28 U.S.C. § 1391.

3. <u>Jury Trial</u>

The Plaintiffs have not demanded a jury trial pursuant to Federal Rules of Civil Procedure Rule 38.

4. <u>Appropriateness, Extent and Timing of Disclosures</u>

The Defendants will agree to abide by disclosures set by the court.

5. <u>Discovery Completed, Discovery in Progress, Motions Pending</u>

The Defendants are prepared to make their initial disclosures. Discovery has not begun. There are no motions pending.

6. <u>Appropriateness of Special Procedures or Other Matters</u>

The Defendants will agree to any special procedures set by the court.

7. <u>Related Cases</u>

The Defendants are aware of the following United States District Court, District of Hawaii cases:

    A.    *Livingston et al. v. Ballard, et al.*, CV19-00157 JMS-RT – The legal issues in the *Livingston* case are related only because they involve a Hawaii law and the Second Amendment. In *Livingston*, Plaintiffs seek to carry firearms in

public, and claim that Hawaii laws prevent them from doing so in violation of the Second Amendment. Plaintiffs seek a declaration that HRS § 134-9(a) is unconstitutional and an injunction against its enforcement.

      B.    *Roberts v. Ballard, et al.*, CV19-00125 HG-KSC – Like *Livingston*, the legal issues are not the same as in the present case. In *Roberts*, Plaintiff seeks to acquire, possess, carry, and use a Taser. He seeks a declaration that HRS § 134-16 is unconstitutional and an injunction against its enforcement. Plaintiff's attorneys are the same attorneys in the present *Teter* case.

      C.    *Roberts v. Connors, et al.*, CV19-00165 DKW-WRP – Similarly, the legal issues in this case are not the same as in the present case. In this *Roberts* case, Plaintiff seeks to apply for a concealed or unconcealed handgun permit. He is not a citizen of the United States, and seeks a declaration that HRS § 134-9(a), which only considers permit applications from United States citizens, is unconstitutional and that the citizenship requirement is unenforceable. Plaintiff and his attorneys are the same in the CV19-00125 HG-KSC case, above.

8.    <u>Additional Matters</u>

      The Defendants have no additional matters for the court at this time.

//

//

//

Dated: Honolulu, Hawaii, June 6, 2019.

    STATE OF HAWAII

    CLARE E. CONNORS
    Attorney General of Hawaii

    /s/ Ryan M. Akamine
    CARON M. INAGAKI
    RYAN M. AKAMINE
    Deputy Attorneys General

    Attorneys for Defendants
    CLARE E. CONNORS and
    AL CUMMINGS, in their official
    capacities