UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| ANDREW TETER, ET AL.,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>CLARE E. CONNORS, ET AL.,<br><br>　　　　　Defendants. | CIV. NO. 19-00183 ACK-WRP<br><br>ORDER SETTING SETTLEMENT CONFERENCE |

ORDER SETTING SETTLEMENT CONFERENCE

Pursuant to LR 16.5(b), all parties to this matter are hereby ORDERED TO APPEAR for a settlement conference, beginning in chambers, on February 26, 2020, at 10:00 a.m.

In addition to the lead counsel, each party or a designated representative with final settlement authority[1], must personally attend the

---

[1] "Final settlement authority" means that the insurance representatives at the settlement conference must be authorized to explore settlement options fully and to agree at that time to any settlement terms acceptable to the parties. See Heileman Brewing Co. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989). The person should have "unfettered discretion and authority" to change the settlement position of a party. See Pitman v. Brinker Int'l, Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference contemplates that the person's view of the case may be altered during

settlement conference. The order for parties' personal appearance is intended to increase the efficiency and effectiveness of the settlement conference, by reducing the time for communication of offers and expanding the ability to explore options for settlement. If a defendant is insured, an adjuster or other representative of that defendant's insurer with final settlement authority also must personally attend the settlement conference.

The purpose of the settlement conference is to facilitate settlement of this case, if appropriate. It will be conducted in such a manner as not to prejudice any party in the event settlement is not reached. To that end, all matters communicated to the court in confidence will be kept confidential, and will not be disclosed to any other party, or to the trial judge.

Settlement conferences are too often unproductive because the parties have not made a serious effort to settle the case on their own prior to the conference. Accordingly, before the settlement conference, the parties are ordered to make a good faith effort to settle the case without the involvement of the Court. A good faith effort to settle includes exchanged demands and offers, as well as specific proposals and counter proposals with respect to the terms of settlement. If settlement is not achieved prior to the conference, the parties shall be prepared to

---

the face-to-face conference. Id. at 486. A limited or sum certain of authority is not adequate. See Nick v. Morgan's Foods, Inc., 279 F.3d 590, 595-97 (8th Cir. 2001).

engage in further negotiation at the conference.

Each party shall provide the court with a confidential settlement conference statement no later than February 19, 2020.  The confidential settlement conference statement shall outline, at the very least, (i) a brief description of the case, (ii) impactful legal issues and factual disputes, (iii) the extent of discovery and motions practice yet to be conducted, and (iv) a status of the settlement negotiations to date.

At the settlement conference, we will first meet with all parties together in chambers and thereafter we will separate into confidential caucuses. The presentations and discussion at the settlement conference, particularly while all parties are together, shall aim only to foster settlement. That is, the settlement conference is not intended for advocating a legal or factual position in the litigation, conducting discovery, nor resolving other disputes between parties.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, JUNE 14, 2019.



Wes Reber Porter
United States Magistrate Judge

**Teter, et al. vs. Connors, et al.; CIV. NO. 19-00183 ACK-WRP; <u>ORDER SETTING SETTLEMENT CONFERNECE</u>**