HB 1496 HD 1 SD 1 CD 1

RELATING TO DEADLY OR DANGEROUS WEAPONS

By Representative(s) SAY (BR)

Companion Bill: SB 932

Subjects: Prosecutors

Keywords: CRIMES AND CRIMINAL PROCEEDINGS, FIREARMS AND WEAPONS, IMPORTS AND EXPORTS, PENAL CODE, PUBLIC SAFETY

Report Title: Dangerous; Deadly Weapons

Description: Prohibits manufacture, sale, transfer, transport or possession of butterfly knives. (HB1496 CD1)

| | |
|---|---|
| 1-28-99 | H Introduced and passed First Reading |
| 2- 1-99 | H Referred to the committee on JHA, referral sheet 7 |
| 2- 3-99 | H Bill scheduled to be heard by JHA on Friday, 02-05-99 at 2:00 P.M. in House conference room 325. |
| 2- 5-99 | H The committee(s) recommends that the measure be deferred. |
| 2-10-99 | H Bill scheduled for decision making on Friday, 02-12-99 at 3:05 P.M. in House conference room 325. |
| 2-12-99 | H The committee on JHA recommends that the measure be PASSED, WITH AMENDMENTS. |
| 2-12-99 | H The votes in JHA were as follows:12 Ayes: Rep.(s) Oshiro, P., Hamakawa, Cachola, Garcia, Hiraki, Kaho`ohalahala, Lee, Takumi, Auwae, Pendleton, Thielen, Whalen; Ayes with reservations: Rep.(s) ; none Noes: Rep.(s) ; and 3 Excused: Rep.(s) Chang, Morita, Yoshinaga |
| 2-19-99 | H Reported from the committee on JHA (Stand. Com. Rep. No. 731) as amended in (HD 1), recommending passage on Second Reading and placement on the calendar for Third Reading |
| 2-19-99 | H Passed Second Reading as amended in (HD 1); placed on the calendar for Third Reading  with Representative(s) none voting no and Representative(s) Arakaki, Hiraki, Kahikina, Kaho`ohalahala, Morita, Say, Takamine, Meyer excused |
| 2-22-99 | H Deferred one day |
| 2-23-99 | H Passed Third Reading as amended in (HD 1) |
| 2-23-99 | H The vote was as follows:  43 aye(s), with none voting no and Representative(s) Ahu Isa, Cachola, Hiraki, Morihara, Morita, Oshiro, M., Saiki, Suzuki excused |
| 2-23-99 | H Transmitted to Senate |
| 3- 3-99 | S Received from House (Hse. Com. No. 27) |
| 3- 3-99 | S Passed First Reading and referred to JDC |
| 3-10-99 | S Bill scheduled to be heard by JDC on 03-16-99 at 9:00 a.m. in conference room 229 |

EXHIBIT _E_

SOH 00001

| | | |
|---|---|---|
| 3-16-99 | S | The measure is deferred until 03-19-99 at 9:00 a.m. in conference room 229. |
| 3-19-99 | S | The measure is deferred until 03-25-99 at 9:00 a.m. in conference room 229. |
| 3-25-99 | S | The committee on JDC recommends that the measure be PASSED, WITH AMENDMENTS. |
| 3-25-99 | S | The votes in JDC were as follows: 5 Ayes: Senator(s) Chumbley, Matsunaga, Chun Oakland, Ihara, Sakamoto; Ayes with reservations: Senator(s) ; none Noes: Senator(s) ; and 2 Excused: Senator(s) Tanaka, Anderson |
| 4- 6-99 | S | Reported from JDC (Stand. Com. Rep. No. 1389) with recommendation of passage on Second Reading, as amended (SD 1) and placement on the calendar for Third Reading |
| 4- 6-99 | S | Report adopted; Passed Second Reading, as amended (SD 1) |
| 4- 6-99 | S | 48 hours notice |
| 4- 8-99 | S | Passed Third Reading, as amended (SD 1). Ayes, 24. Noes, none (). Excused, 1 (Tanaka). |
| 4- 8-99 | S | Transmitted to House |
| 4- 8-99 | H | Received from Senate (Sen. Com. No. 478) in amended form (SD 1) |
| 4- 9-99 | H | House disagrees with Senate amendment(s) |
| 4-13-99 | S | Received notice of disagreement on 04-09-99, (Hse. Com. No. 459) |
| 4-17-99 | H | House conferees appointed: Oshiro, P. Chairman; Hamakawa, Kaho'ohalahala, Lee, Whalen |
| 4-19-99 | S | Received notice of appointment of House conferees (Hse. Com. No. 618). |
| 4-19-99 | S | Senate Conferees appointed: Chumbley, Matsunaga, (Co-) Chair; Tanaka, Anderson |
| 4-19-99 | H | Received notice of Senate conferees (Sen. Com. No. 743) |
| 4-22-99 | H | Bill scheduled for Conference Committee Meeting on Friday, 04-23-99 at 2:00 P.M. in  conference room 325. |
| 4-29-99 | H | Reported from Conference Committee (Conf. Com. Rep. No. 88) as amended in (CD 1) |
| 4-29-99 | S | Reported from Conf. Com. as amended CD 1 (Conf. Com. Rep. No. 88) |
| 4-29-99 | S | 48 Hrs. Notice (as amended CD 1) |
| 4-30-99 | H | Forty-eight (48) hours notice 05-04-99 |
| 5- 4-99 | S | Passed Final Reading, as amended (CD 1). Ayes, 25. Noes, none. Excused, none. |
| 5- 4-99 | H | Passed Final Reading as amended in (CD 1) |
| 5- 4-99 | H | The vote was as follows:  45 aye(s), with none voting no and Representative(s) Hiraki, Morihara, Okamura, Suzuki, Takumi, Yoshinaga excused |
| 5- 5-99 | H | Received notice of Final Reading (Sen. Com. No. 792) |
| 5- 4-99 | S | Received notice of passage on Final Reading in House (Hse. Com. No. 746). |
| 5- 7-99 | H | Transmitted to Governor |
| 7- 7-99 | S | Act 285, 07-06-99, (Gov. Msg. No. 393) |
| 7- 7-99 | H | Act 285, on 07-06-99 (Gov. Msg. No. 260) |

SOH 00002

**REPORT TITLE:**
Dangerous; Deadly Weapons

**DESCRIPTION:**
Prohibits manufacture, sale, or transfer of deadly or dangerous weapons.  Combines existing provisions relating to deadly and dangerous weapons in new section and makes conforming amendments.

SOH 00003

HOUSE OF REPRESENTATIVES                H.B. NO.1496
TWENTIETH LEGISLATURE, 1999
STATE OF HAWAII

---

---

A  BILL  FOR  AN  ACT

RELATING TO DEADLY OR DANGEROUS WEAPONS.

**BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF HAWAII:**

1    SECTION 1.  The purpose of this Act is to prohibit the

2 manufacture, sale, transfer, or possession of deadly or dangerous

3 weapons such as dirks, daggers, butterfly knives, blackjacks,

4 slug shots, billy clubs, or metal knuckles.  Currently, unless

5 authorized by law, a person may not carry concealed on the

6 person, or be armed with, a deadly or dangerous weapon or have

7 the deadly or dangerous weapon within a vehicle used or occupied

8 by the person.  However, current law does not prohibit the

9 manufacture, sale, or transfer of deadly or dangerous weapons.

10 Given that deadly or dangerous weapons are defined as instruments

11 closely associated with criminal activity and that their sole

12 design and purpose is to inflict bodily injury or death upon

13 another human being, there appears sufficient reason to also

14 prohibit the manufacture, sale, or transfer of such weapons.

SOH 00004

15      In addition, this Act also incorporates existing

16 prohibitions against other dangerous weapons such as electric

17 guns and switchblades.  Presently, the prohibition against the

18 manufacture, sale, transfer, possession, or transportation of

19 switchblade knives is contained in a separate statutory section.


Page 2

H.B. NO.1496


1      Furthermore, this Act incorporates current statutory

2 prohibitions against the possession and sale of electric guns and

3 makes it a class C felony to knowingly possess or intentionally

4 use or threaten to use the electric gun while engaged in the

5 commission of a crime.

6      Lastly, although current statutory provisions include

7 pistols in the prohibitions against:  carrying the weapon

8 concealed on the person or within any vehicle used or occupied by

9 the person; or being armed with the weapon, pistols are not

10 enumerated in the prohibitions proposed in this Act because the

11 carrying or possession of firearms, which include pistols, is

12 regulated under other existing statutory sections.

13      SECTION 2.  Chapter 134, Hawaii Revised Statutes, is amended

14 by adding a new section to be appropriately designated and to

15 read as follows:

16      "**§134-    Deadly or dangerous weapons; prohibitions;**

SOH 00005

17 penalties.   (a)   Any person, who knowingly manufactures, sells,

18 transfers, possesses, or transports in the State any switchblade

19 knife, electric gun, dirk, dagger, butterfly knife, blackjack,

20 slug shot, billy, metal knuckles, or other deadly or dangerous

21 weapon shall be guilty of a misdemeanor.

22        (b)   Whoever knowingly possesses or intentionally uses or

23 threatens to use a deadly or dangerous weapon while engaged in

Page 3

H.B. NO.1496

1 the commission of a crime shall be guilty of a class C felony.

2        (c)   For the purposes of this section, a switchblade knife

3 is:

4        (1)   Any knife having a blade that opens automatically by

5               hand pressure applied to a button or other device in

6               the handle of the knife; or

7        (2)   Any knife having a blade that opens automatically by

8               operation of inertia, gravity, or both.

9        (d)   In a prosecution under this section for the

10 manufacture, sale, transfer, possession, or transportation of an

11 electric gun, it shall not be a defense that the person is a

12 licensed manufacturer, licensed importer, or licensed dealer of

13 electric guns.

14        (e)   Any deadly or dangerous weapon in violation of

SOH 00006

15 <u>subsection (a) or (b) shall be confiscated and disposed of in</u>

16 <u>accordance with section 134-12.5.</u>"

17     SECTION 3.  Section 134-17, Hawaii Revised Statutes, is

18 amended by amending subsection (c) to read as follows:

19     "(c)  Any person who violates section 134-2, 134-4, 134-10,

20 <u>or</u> 134-15[, or 134-16(a)] shall be guilty of a misdemeanor.  Any

21 person who violates section 134-3(b) shall be guilty of a petty

22 misdemeanor and the firearm shall be confiscated as contraband

23 and disposed of, if the firearm is not registered within five

Page 4

                H.B. NO.1496

1 days of the person receiving notice of the violation."

2     SECTION 4.  Section 134-16, Hawaii Revised Statutes, is

3 repealed.

4     ["§134-16  Restriction on possession, sale, gift, or

5 delivery of electric guns.(a)  It shall be unlawful for any

6 person, including a licensed manufacturer, licensed importer, or

7 licensed dealer, to possess, offer for sale, hold for sale, sell,

8 give, lend, or deliver any electric gun.

9     (b)  Any electric gun in violation of subsection (a) shall

10 be confiscated and disposed of by the chief of police."]

11     SECTION 5.  Section 134-51, Hawaii Revised Statutes, is

12 repealed.

SOH 00007

13      ["§134-51  Deadly weapons; prohibitions; penalty.(a)  Any

14 person, not authorized by law, who carries concealed upon the

15 person's self or within any vehicle used or occupied by the

16 person or who is found armed with any dirk, dagger, butterfly

17 knife, blackjack, slug shot, billy, metal knuckles, pistol, or

18 other deadly or dangerous weapon shall be guilty of a misdemeanor

19 and may be immediately arrested without warrant by any sheriff,

20 police officer, or other officer or person.  Any weapon, above

21 enumerated, upon conviction of the one carrying or possessing it

22 under this section, shall be summarily destroyed by the chief of

23 police or sheriff.

Page 5

H.B. NO.1496

1      (b)  Whoever knowingly possesses or intentionally uses or

2 threatens to use a deadly or dangerous weapon while engaged in

3 the commission of a crime shall be guilty of a class C felony."]

4      SECTION 6.  Section 134-52, Hawaii Revised Statutes, is

5 repealed.

6      ["§134-52  Switchblade knives; prohibitions; penalty.(a)

7 Whoever knowingly manufactures, sells, transfers, possesses, or

8 transports in the State any switchblade knife, being any knife

9 having a blade which opens automatically (1) by hand pressure

10 applied to a button or other device in the handle of the knife,

SOH 00008

11 or (2) by operation of inertia, gravity, or both, shall be guilty

12 of a misdemeanor.

13      (b)   Whoever knowingly possesses or intentionally uses or

14 threatens to use a switchblade knife while engaged in the

15 commission of a crime shall be guilty of a class C felony."]

16      SECTION 7.   Statutory material to be repealed is bracketed.

17 New statutory material is underscored.

18      SECTION 8.   This Act shall take effect upon its approval.

19

20                           INTRODUCED BY:_____

SOH 00009

   2/3/99    4:30 PM    1/1

**HB 1496 Committee on Judiciary and Hawaiian Affairs - OPPOSED (as written)**

Collectors of militaria in the state need to have a distinction drawn between dirks and daggers as defined by common dictionaries and collectible military artifacts, such as bayonets, issued knives for troops, ceremonial decorative knives denoting rank, etc. The previous statute language made the distinction in that intent to use the dirk or dagger by carrying it concealed or using it in a crime would given cause for an arrest, but not mere possession, such as in a collection of militaria or at an educational display or exhibition of militaria, such as the Hawaii Historic Arm Association semiannual show. Such collectible artifacts have great value and are of historic and educational interest, and should be made distinct from the class of deadly weapons targeted by this proposed change to the statute. Failure to do so may leave law enforcement officers confused about who should be the intended subjects of the provisions of the law and could well make thousands of militaria owners in the state instant criminals upon passage. Surely this is not the intent of the legislature.

Brian Isaacson, 1659 Kanapuu Drive, Kailua, HI 96734, 263-2189

SOH 00010

(

Testimony of Ronette M. Kawakami
Deputy Public Defender, on behalf of
the Office of the Public Defender, State of Hawai'i
to the House Committee on Judiciary and Hawaiian Affairs

February 5, 1999

H. B. NO. 1496:  RELATING TO DEADLY OR DANGEROUS WEAPONS.

Chairperson Oshiro and Members of the Committee:

This bill establishes a misdemeanor offense for any person to knowingly manufacture, sell, transfer, possess or transport in the State any switchblade knife, electric gun, dirk, dagger, butterfly knife, black jack, slug shot, billy, metal knuckles, or other deadly or dangerous weapon.

The first observation about this bill is that it creates a complete prohibition to possess, for example, a billy, black jack and metal knuckles.  Currently, only switchblades and electric guns are absolutely prohibited.  Many of the enumerated prohibited items in this bill are widely available.  Some are likely to be in collector's personal homes, others may be appropriately used by the public for self-defense.  It seems rather bizarre that a billy would be absolutely prohibited by law in all circumstances, and yet far more dangerous items, such as firearms, are not illegal per se.  One must also wonder how a billy is more dangerous than a baseball bat.

Current law prohibits deadly or dangerous weapons to be carried concealed on a person or within any vehicle.  The reasonable focus of the current statute is to criminalize their possession in locations where the instruments may be used in a confrontation between persons.  We believe that the current law is better tailored to addressing the potentiality of harm that these instruments create.  An absolute prohibition is not a balanced approach to any problem that the current law is failing to address.

We note that the overbreadth of this legislation is reflected in the various types of activities that are prohibited: manufactures, sells, transfers, possesses, or transports in the State.  Since "possession" is prohibited in the bill, manufacture, sell, transfer and transport are redundant terms, as any of these latter activities would invariably involve possession.

Thank you for the opportunity to comment on this bill.

SOH 00011

DEPARTMENT OF THE PROSECUTING ATTORNEY
# CITY AND COUNTY OF HONOLULU
ALII PLACE
1060 RICHARDS STREET • HONOLULU HAWAII 96813
PHONE (808) 527 6494 • FAX (808) 527 6631

PETER B CARLISLE
PROSECUTING ATTORNEY



THE HONORABLE PAUL OSHIRO, CHAIR
HOUSE COMMITTEE ON JUDICIARY
Twentieth State Legislature
Regular Session of 1999
State of Hawaii

February 5, 1999

RE:   H.B. 1496;   RELATING TO DEADLY OR DANGEROUS WEAPONS.

Chair Oshiro and members of the House Committee on Judiciary, the Department of the Prosecuting Attorney of the City and County of Honolulu submits the following testimony in support of House Bill 1496.

The purpose of this bill is to prohibit the manufacture, sale or transfer of deadly or dangerous weapons to anyone and combines the current provisions of section 134-51, relating to deadly or dangerous weapons, section 134-52, relating to switchblades, and 124-16 relating to electric guns, into a new section.

We are in support of the intent of this bill.  Recently, it has been publicized that certain vendors at local flea markets and in Waikiki have been selling butterfly knives to very young minors. Given that the knives are being sold openly, the sales are apparently not illegal since section 134-51 prohibits the concealed carrying of such knives.  However, the possession of the butterfly knife becomes illegal when the minor purchases the knife and places it in his or her pocket.  Given that deadly or dangerous weapons have been defined as instruments closely associated with criminal activity and whose sole design and purpose is to inflict bodily injury or death upon another human being.  We believe there is sufficient justification to prohibit the manufacture, sale or transfer of such weapons to <u>anyone</u>, not just minors.

For this reason, we support House Bill 1496 and respectfully request your favorable consideration of the bill.

Thank you for the opportunity to testify.

SOH 00012

STAND. COM. REP. NO. 731

Honolulu, Hawaii
                    , 1999

RE: H.B. No. 1496
    H.D. 1

Honorable Calvin K.Y. Say
Speaker, House of Representatives
Twentieth State Legislature
Regular Session of 1999
State of Hawaii

Sir:

    Your Committee on Judiciary and Hawaiian Affairs, to which
was referred H.B. No. 1496 entitled:

    "A BILL FOR AN ACT RELATING TO DEADLY OR DANGEROUS WEAPONS,"

begs leave to report as follows:

    The purpose of this bill is to:

    1.   Prohibit the manufacture, sale, transfer, or possession
         of deadly or dangerous weapons such as dirks, daggers,
         butterfly knives, blackjacks, slug shots, billy clubs,
         electric guns or metal knuckles; and

    2.   Remove pistols, which are presently regulated under
         other existing statutory sections, from the current
         statutory provisions that prohibit the carrying of the
         weapon concealed on the person or within any vehicle
         used or occupied by the person.

    Your Committee received testimony in support of this bill
from the Honolulu Police Department, the Department of the
Prosecuting Attorney for the City and County of Honolulu, and
concerned individuals.  Comments were received from the Office of
the Public Defender.

    Your Committee finds that particular attention needs to be
given to butterfly knives by setting them apart from other deadly
or dangerous weapons.

SOH 00013

STAND. COM. REP. NO. 731
Page 2

Your Committee has amended this bill by deleting the substance of the bill and inserting the following provisions to:

1. Create a misdemeanor offense for the knowing manufacture, sale, transfer, possession, or transport of a butterfly knife;

2. Create a class C felony for the knowing or intentional use or threatened use of a butterfly knife while engaged in the commission of a crime; and

3. Delete "butterfly knife" from the prohibition against carrying deadly or dangerous weapons concealed upon a person's self or within a vehicle.

As affirmed by the record of votes of the members of your Committee on Judiciary and Hawaiian Affairs that is attached to this report, your Committee is in accord with the intent and purpose of H.B. No. 1496, as amended herein, and recommends that it pass Second Reading in the form attached hereto as H.B. No. 1496, H.D. 1, and be placed on the calendar for Third Reading.

Respectfully submitted on behalf of the members of the Committee on Judiciary & Hawaiian Affairs,

_____
PAUL T. OSHIRO, Chair

SOH 00014

SOH 00015

**REPORT TITLE:**
Dangerous; Deadly Weapons

**DESCRIPTION:**
Prohibits manufacture, sale, transfer, transport or possession of butterfly knives.  (HB1496 HD1)

SOH 00016

HOUSE OF REPRESENTATIVES
TWENTIETH LEGISLATURE, 1999
STATE OF HAWAII

H.B. NO.

1496
H.D.1

_____
_____

A BILL FOR AN ACT

RELATING TO DEADLY OR DANGEROUS WEAPONS.

BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF HAWAII:

1     SECTION 1.  Chapter 134, Hawaii Revised Statutes, is amended

2 by adding a new section to be appropriately designated and to

3 read as follows:

4     "§134-____  **Butterfly knives; prohibitions; penalty.**  (a)

5 Whoever knowingly manufactures, sells, transfers, possesses, or

6 transports in the State any butterfly knife, shall be guilty of a

7 misdemeanor.

8     (b)  Whoever knowingly possesses or intentionally uses or

9 threatens to use a butterfly knife while engaged in the

10 commission of a crime shall be guilty of a class C felony."

11     SECTION 2.  Section 134-51, Hawaii Revised Statutes, is

12 amended to read as follows:

13     "§134-51 **Deadly weapons; prohibitions; penalty.**  (a)  Any

14 person, not authorized by law, who carries concealed upon the

15 person's self or within any vehicle used or occupied by the

16 person or who is found armed with any dirk, dagger, [butterfly

17 knife,] blackjack, slug shot, billy, metal knuckles, pistol, or

18 other deadly or dangerous weapon shall be guilty of a misdemeanor

SOH 00017

19 and may be immediately arrested without warrant by any sheriff,

20 police officer, or other officer or person.  Any weapon, above

Page 2                                                    1496
                              H.B. NO.          H.D.1

1 enumerated, upon conviction of the one carrying or possessing it

2 under this section, shall be summarily destroyed by the chief of

3 police or sheriff.

4      (b)  Whoever knowingly possesses or intentionally uses or

5 threatens to use a deadly or dangerous weapon while engaged in

6 the commission of a crime shall be guilty of a class C felony."

7      SECTION 3.  This Act does not affect rights and duties that

8 matured, penalties that were incurred, and proceedings that were

9 begun before its effective date.

10      SECTION 4.  Statutory material to be repealed is bracketed.

11 New statutory material is underscored.

12      SECTION 5.  This Act shall take effect upon its approval.

SOH 00019

   

**HB 1496 HD1 Senate Judiciary Committee - Support HD1**

Collectors of militaria in the state and state law enforcement officers need to have a distinction drawn between Butterfly knives and collectible military artifacts, (which may be dirks and daggers as defined by common dictionaries) such as bayonets, issued knives for troops, ceremonial decorative knives denoting rank, etc. The original statute language made the distinction in that intent to use the dirk or dagger by carrying it concealed or using it in a crime would given cause for an arrest, but not mere possession, such as in a collection of militaria or at an educational display or exhibition of militaria, such as the  Hawaii Historic Arm Association semiannual show. Such collectible artifacts have great value and are of historic and educational interest, and should be made distinct from the class of deadly weapons and associated criminal action targeted by this redraft of the original statute. Failure to do so may leave law enforcement officers confused about who should be the intended subjects of the provisions of the law and could well make thousands of militaria owners in the state instant criminals upon passage. Surely it is not the intent of the legislature to increase the criminal population by criminalizing a legitimate and innocent interest in the artifacts which have defined our history as personified by the state's militaria collectors, dealers, and historians. Collectors support laws which seek to punish criminal intent and activity, and urge you to retain the language limiting the change of status to butterfly knives of HB1496 HD1. In actual fact, mere possession or manufacture of any weapon is never a problem, but the criminal use of anything is.

Brian Isaacson, 1659 Kanapuu Drive, Kailua, HI 96734, 263-2189

(

Testimony of Ronette M. Kawakami
Deputy Public Defender, on behalf of
the Office of the Public Defender, State of Hawai'i
to the Senate Committee on Judiciary

March 16, 1999

H. B. NO. 1496, H.D. 1:  RELATING TO DEADLY OR DANGEROUS
WEAPONS.

Chairpersons Chumbley and Matsunaga and Members of the Committee:

This bill establishes a misdemeanor offense for any person to knowingly
manufacture, sell, transfer, possess or transport in the State any butterfly knife
and proposes to impose a Class C felony on any person who possesses or uses a
butterfly knife while engaged in the commission of a crime.  In essence, the
statutory provisions proposed by this bill mimics the current statutory provisions
involving switchblade knives codified in HRS § 134-52.

We question the over-inclusiveness of this bill.  This bill will make butterfly
knives illegal per se, without any legal method of being in possession of such
devices.  Thus, the laws on these knives will be more restrictive than our laws
on possession of firearms which may be possessed subject to permit and other
licensing requirements.

Butterfly knives are commonly thought of having no other purpose but to
inflict bodily injury or death.  However, butterfly knives or "Balisong" are an
integral part of the filipino martial art called Escrima.  Like Karate, Aikido, or
Tae Kwon Do, Escrima is a martial art that developed and arose out of the
country's unique culture.  In the case of the Philippines, the blade arts became an
essential part of escrima specifically because the average filipino man needed to
carry a knife for hunting, harvesting and general self-defense.    Similarly,
Indonesia also has a strong tradition of "blade arts."   Escrima and Balisong
practice were endemic through-out the Philippine Islands even before colonization
first by the Spanish, and later by the U.S..  Escrima schools here in Hawaii teach
Balisong as a legitimate martial art.  Martial arts instructors and enthusiasts should
be allowed to continue the teaching of a cultural heritage.

Butterfly knives are already prohibited from being carried concealed on the
person or within any vehicle.  HRS § 134-51(a).  Such conduct is penalized as a
misdemeanor.  Moreover, if a person uses or is found in possession of a butterfly
knife in the commission of a crime, the person is punished with a Class C felony
penalty.  HRS § 134-51(b).  Thus, penal provisions are in place to prevent and
prohibit the use of butterfly knifes in a dangerous manner.

The scope of this legislation should be narrowed to addressing the improper

SOH 00021

(

manufacture and sale of such knives.  An absolute prohibition of these knives will impact collectors and other persons who use them legally.  The current law has sufficient penal prohibitions concerning butterfly knives, such that the law may be refined if necessary, rather than implementing a wholesale prohibition.  We oppose the passage of this bill in its current form.

Thank you for the opportunity to comment on this bill.

DEPARTMENT OF THE PROSECUTING ATTORNEY

# CITY AND COUNTY OF HONOLULU

ALII PLACE
1060 RICHARDS STREET ■ HONOLULU, HAWAII 96813
PHONE (808) 527-6494 ■ FAX (808) 527-6031

PETER B. CARLISLE
PROSECUTING ATTORNEY



THE HONORABLE AVERY CHUMBLEY, CHAIR
THE HONORABLE MATTHEW MATSUNAGA, CHAIR
SENATE COMMITTEE ON JUDICIARY
Twentieth State Legislature
Regular Session of 1999
State of Hawaii


March 16, 1999


RE:  H.B. 1496, H.D. 1;  RELATING TO DEADLY OR DANGEROUS WEAPONS.


Chair Chumbley, Chair Matsunaga and members of the Senate Committee on Judiciary, the Department of the Prosecuting Attorney of the City and County of Honolulu submits the following testimony in support of House Bill 1496, H.D. 1.

The purpose of this bill is to add a new section to chapter 134.  The new section would make it a misdemeanor offense to knowingly manufacture, sell, transfer, possess or transport a butterfly knife.  In addition, House Bill 1496, H.D. 1 makes it a class C felony to knowingly possess or intentionally use or threaten to use a butterfly knife while engaged in the commission of a crime.

We support this bill, but are suggesting an amendment. Recently, it has been publicized that certain vendors at local flea markets and in Waikiki have been selling butterfly knives to very young minors.  Given that the knives are being sold openly, the sales are apparently not illegal since section 134-51 prohibits the concealed carrying of such knives.  The possession of the butterfly knife becomes illegal when the minor purchases the knife and places it in his or her pocket.  Given that deadly or dangerous weapons have been defined as instruments closely associated with criminal activity and whose sole design and purpose is to inflict bodily injury or death upon another human being.  We believe there is sufficient justification to prohibit the manufacture, sale or transfer of such weapons to <u>anyone</u>.  However, since some of these sales are to very young minors, we are particularly concerned.  For this reason, we are asking that this bill be amended to provide that persons who knowingly or intentionally sell or transfer a

SOH 00023

butterfly knife or switchblade knife to a minor be guilty of a class C felony.

For this reason, we support House Bill 1496 H.D. 1 with the suggested amendment and thank you for this opportunity to testify.

SOH 00024

( (          POLICE DEPARTMENT

# CITY AND COUNTY OF HONOLULU

801 SOUTH BERETANIA STREET
HONOLULU, HAWAII 96813 - AREA CODE (808) 529-3111
http://www.honolulupd.org

JEREMY HARRIS
MAYOR



LEE D. DONOHUE
CHIEF

WILLIAM B. CLARK
MICHAEL CARVALHO
DEPUTY CHIEFS

OUR REFERENCE     YB-LLC

March 16, 1999

The Honorable Avery B. Chumbley, Co-Chair
The Honorable Matthew M. Matsunaga, Co-Chair
  and Members
Committee on Judiciary
The Senate
State Capitol
Honolulu, Hawaii  96813

Dear Chairs Chumbley and Matsunaga and Members:

Subject:   House Bill No. 1496, H.D. 1, Relating to Deadly or Dangerous
           Weapons

I am George McKeague, Captain of the Criminal Investigation Division of the
Honolulu Police Department, City and County of Honolulu.

The Honolulu Police Department supports the intent of House Bill No. 1496,
H.D. 1, relating to deadly or dangerous weapons.

We would like to ask the Senate to include the transferring of a "butterfly
knife" to a minor as a class C felony.  Our Gang Detail has noticed an
increasing trend in minors and gang members armed with knives and daggers.
Butterfly knives are preferred as they are easy to conceal and are more
intimidating when brandished.  Currently, these items are fairly easy for
minors to obtain at swap meets and open-air markets.  By making it a class C
felony to sell or transfer butterfly knives to a minor, you will have impacted
on the accessibility of such weapons to minors.

Thank you for the opportunity to testify.

Sincerely,

GEORGE MCKEAGUE, Captain
Criminal Investigation Division

APPROVED:

LEE D. DONOHUE
Chief of Police

SOH 00025



**LATE TESTIMONY**

March 16, 1999

The Senate
20th Legislature, Regular Session of 1999

Attention: Committee of Judiciary
Senators Chumbley and Matsunaga

Ref: HB1496

Dear Sirs,

I am providing written testimony in concern that responsible tax paying citizens of the State of Hawaii will not be allowed to own Butterfly knives or the "Balisong" as it is commonly referred to. I have studied the Filipino Martial arts for 20 years and have been an instructor for over 10 years. Our school "The Pedoy School of Escrima" was founded by the late Great Grandmaster Braulio Pedoy in 1961 in Pearl City Hawaii. The Great Grandmaster Pedoy was recognized and awarded the certificate "Escrima Expert" by the 1976 Legislature in HR 633. Over the past 30 years our school has trained hundreds of people from all walks of life in the weapons-based Filipino Martial Arts that include the Balisong. The Balisong-butterfly knife developed in the Philippines in the 1940's has earned a reputation as a weapon of mystique, but in it's simplest form it is nothing more than any other knife in that it has a point and a cutting edge. I ask that you reconsider, and withdraw the Balisong-butterfly knife as a prohibited weapon and allow those of us honest citizens to continue to use this weapon as a cultural tool as it should be. I have a copy of SB 606 and see that HB1496 is patterned after SB 606.
In SB606 the outcome was that the Balisong owner was in violation of the law by having in his or her possession a butterfly knife. I ask that you consider not taking the easy way out by merely following HB1496. Instead I hope that you will take the time to research and find a way for those of us that use the Butterfly knife as a cultural instrument can continue to do so. We advocate that stiff penalties should be in effect for those individuals that use these or any other weapon in violent crime, but let us not destroy cultural traditions enjoyed by many because of the actions of a few. Make the criminals pay, not the citizens. Mahalo for your time.
Sincerely,

Ron England
Sr. Chief Instr.
Pedoy School of Escrima
(808) 259-6564

SOH 00026

STAND. COM. REP. NO. 1389

Honolulu, Hawaii
                    , 1999

RE: H.B. No. 1496
     H.D. 1
     S.D. 1


Honorable Norman Mizuguchi
President of the Senate
Twentieth State Legislature
Regular Session of 1999
State of Hawaii

Sir:

    Your Committee on Judiciary, to which was referred H.B. No. 1496, H.D. 1, entitled:

    "A BILL FOR AN ACT RELATING TO DEADLY OR DANGEROUS WEAPONS,"

begs leave to report as follows:

    The purpose of this bill, as received by your Committee, is to:

    (1)   Create a new misdemeanor offense to knowingly manufacture, sell, transfer, possess or transport a butterfly knife;

    (2)   Create a new class C felony offense to knowingly possess or intentionally use or threaten to use a butterfly knife while engaged in the commission of a crime; and

    (3)   Delete "butterfly knife" from the prohibition against carrying deadly or dangerous weapons concealed upon a person's self or within a vehicle.

    Your Committee finds that certain types of knives, particularly switchblade and butterfly knives, are associated with gang activity.  Your Committee believes that butterfly knives (also known as balisongs or gravity knives) appear to be covered within the statutory definition of switchblade knives.

SOH 00027

However, your Committee further finds that although switchblade

a

STAND. COM. REP. NO. 1389
Page 2

knives are presently illegal, stores openly sell, and minors can
readily purchase, butterfly knives.

Your Committee is aware, however, that the Hawaii Supreme
Court, in In the Interest of John Doe, (FC-J No. 91-55223), has
held that a butterfly knife does not have a blade that opens
automatically by operation of inertia, gravity, or both, and thus
is not a switchblade knife under section 134-52, Hawaii Revised
Statutes. The court reasoned that the legislative history of
section 134-52 did not expressly indicate whether the legislature
intended to include butterfly knives under this statute.
Therefore, it is your Committee's intent to clarify that
butterfly knives should be treated in the same manner as
switchblade knives.

Testimony in support of this measure was submitted by the
Department of the Prosecuting Attorney of the City and County of
Honolulu, the Honolulu Police Department, and a private citizen.
Testimony in opposition to this measure was submitted by the
Office of the Public Defender and the Pedoy School of Escrima.

Upon further consideration, your Committee has amended this
bill by:

(1)  Retaining existing law, which includes "butterfly
knife" in the prohibition against carrying deadly or
dangerous weapons concealed upon a person's self or
within a vehicle;

(2)  Clarifying that butterfly knives are subject to the
same prohibitions as switchblade knives; and

(3)  Creating a class C felony offense for sales of such
knives to minors.

As affirmed by the record of votes of the members of your
Committee on Judiciary that is attached to this report, your
Committee is in accord with the intent and purpose of H.B. No.
1496, H.D. 1, as amended herein, and recommends that it pass
Second Reading in the form attached hereto as H.B. No. 1496, H.D.
1, S.D. 1, and be placed on the calendar for Third Reading.

SOH 00028

a

STAND. COM. REP. NO. 1389
Page 3

Respectfully submitted on
behalf of the members of the
Committee on Judiciary,

_____
AVERY B. CHUMBLEY, Co-Chair


_____
MATTHEW M. MATSUNAGA, Co-Chair

a

SOH 00029

SOH 00030

**REPORT TITLE:**
Dangerous; Deadly Weapons

**DESCRIPTION:**
Makes it a class C felony to knowingly or intentionally sell or
transfer a switchblade knife or butterfly knife to a minor. (SD1)

SOH 00031

```
                                             1496
HOUSE OF REPRESENTATIVES          H.B. NO.    H.D. 1
TWENTIETH LEGISLATURE, 1999                   S.D. 1
STATE OF HAWAII
```

A  BILL  FOR  AN  ACT

RELATING TO DEADLY OR DANGEROUS WEAPONS.

**BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF HAWAII:**

1     SECTION 1.  Section 134-51, Session Laws of Hawaii, is

2 amended by amending subsection (a) to read as follows:

3     "(a)  Any person, not authorized by law, who carries

4 concealed upon the person's self or within any vehicle used or

5 occupied by the person or who is found armed with any dirk,

6 dagger, [butterfly knife,] blackjack, slug shot, billy, metal

7 knuckles, pistol, or other deadly or dangerous weapon shall be

8 guilty of a misdemeanor and may be immediately arrested without

9 warrant by any sheriff, police officer, or other officer or

10 person.  Any weapon, above enumerated, upon conviction of the one

11 carrying or possessing it under this section, shall be summarily

12 destroyed by the chief of police or sheriff."

13     SECTION 2.  Section 134-52, Hawaii Revised Statutes, is

14 amended to read as follows:

SOH 00032

15      "§134-52  Switchblade and butterfly knives; prohibitions;

16 penalty.(a)  For the purposes of this section, switchblade or

17 butterfly knife means any knife having a blade that opens

18 automatically or manually by:

19          (1)  Hand pressure applied to a button or other device

20               in the handle of the knife; or


Page 2

                              H.B. NO.        1496
                                             H.D. 1
                                             S.D. 1


1          (2)  Operation of hand or wrist action in conjunction

2               with inertia, gravity, or both.

3      (b)  Whoever knowingly manufactures, sells, transfers,

4 possesses, or transports in the State any switchblade or

5 butterfly knife [, being any knife having a blade which opens

6 automatically (1) by hand pressure applied to a button or other

7 device in the handle of the knife, or (2) by operation of with

8 inertia, gravity, or both,] shall be guilty of a misdemeanor.

9      [(b)] (c)  Whoever knowingly or intentionally sells or

10 transfers a switchblade or butterfly knife to a minor shall be

11 guilty of a class C felony.

12      (d)  Whoever knowingly possesses or intentionally uses or

13 threatens to use a switchblade or butterfly knife while engaged

14 in the commission of a crime shall be guilty of a class C

15 felony."

16      SECTION 2.  This Act does not affect rights and duties that

17 matured, penalties that were incurred, and proceedings that were

18 begun, before its effective date.

19      SECTION 3.  Statutory material to be repealed is bracketed.

20 New statutory material is underscored.

21      SECTION 4.  This Act shall take effect upon its approval.

SOH 00034

CONFERENCE COMMITTEE REPORT NO. 88

Honolulu, Hawaii
, 1999

RE:   H.B. No. 1496
      H.D. 1
      S.D. 1
      C.D. 1

Honorable Calvin K.Y. Say
Speaker, House of Representatives
Twentieth State Legislature
Regular Session of 1999
State of Hawaii

Honorable Norman Mizuguchi
President of the Senate
Twentieth State Legislature
Regular Session of 1999
State of Hawaii

Sir:

     Your Committee on Conference on the disagreeing vote of the
House of Representatives to the amendments proposed by the Senate
in H.B. No. 1496, H.D. 1, S.D. 1, entitled:

     "A BILL FOR AN ACT RELATING TO DEADLY OR DANGEROUS WEAPONS,"

having met, and after full and free discussion, has agreed to
recommend and does recommend to the respective Houses the final
passage of this bill in an amended form.

     Your Committee on Conference finds that particular attention
needs to be given to butterfly knives by setting them apart from
other deadly or dangerous weapons.  In particular, the
prohibitions against butterfly knives should be similar to that
of switchblade knives.

     A review of the case In re: John Doe, born August 3, 1977, 73
Haw. 89 (1992), indicates that the Hawaii Supreme Court has held
that a butterfly knife does not have a blade that opens
automatically by operation of inertia, gravity, or both;
therefore, it is not a switchblade knife under Section 134-52,

SOH 00035

Hawaii Revised Statutes (HRS).

CONFERENCE COMMITTEE REPORT NO. 88
Page

Upon close inspection of the switchblade prohibitions of section 134-52, HRS, your Committee on Conference finds that inclusion of butterfly knives into section 134-52, HRS, is hampered by the definition of switchblade knives contained within section 134-52, HRS, which inadequately describes butterfly knives.  The prohibitions against butterfly knives contained within section 134-51, HRS, do not define butterfly knives.

Your Committee on Conference has amended this bill by:

1.    Creating prohibitions against butterfly knives that are similar to those against switchblade knives, including:

   a.    Making it a misdemeanor offense for the knowing manufacture, sale, transfer, possession, or transport of a butterfly knife; and

   b.    Making it a class C felony for the knowing or intentional use or threatened use of a butterfly knife while engaged in the commission of a crime;

2.    Defining butterfly knife as a knife having a blade encased in a split handle that manually unfolds with hand or wrist action with the assistance of inertia, gravity or both; and

3.    Making a technical nonsubstantive revision to conform to drafting style.

Your Committee on Conference is in accord with the intent and purpose of H.B. No. 1496, H.D. 1, S.D. 1, as amended herein, and recommends that it pass Final Reading in the form attached hereto as H.B. No. 1496, H.D. 1, S.D. 1, C.D. 1.

Respectfully submitted,

MANAGERS ON THE PART OF THE            MANAGERS ON THE PART OF THE
        SENATE                                      HOUSE

SOH 00036

_____          _____
AVERY CHUMBLEY, Co-Chair                  PAUL T. OSHIRO, Chair


_____          _____
MATTHEW M. MATSUNAGA, Co-Chair            ERIC G. HAMAKAWA, Member

                          CONFERENCE COMMITTEE REPORT NO. 88
                          Page


_____          _____
JOE TANAKA, Member                        SOL P. KAHO`OHALAHALA, Member


_____          _____
WHITNEY ANDERSON, Member                  MARILYN B. LEE, Member


                                          _____
                                          PAUL WHALEN, Member

SOH 00037

SOH 00038

**REPORT TITLE:**
Dangerous; Deadly Weapons

**DESCRIPTION:**
Prohibits manufacture, sale, transfer, transport or possession of
butterfly knives.  (HB1496 CD1)

HOUSE OF REPRESENTATIVES          H.B. NO.          1496
TWENTIETH LEGISLATURE, 1999                         H.D. 1
STATE OF HAWAII                                     S.D. 1
                                                    C.D. 1

_____
_____


A  BILL  FOR  AN  ACT

RELATING TO DEADLY OR DANGEROUS WEAPONS.


**BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF HAWAII:**

1     SECTION 1.   Chapter 134, Hawaii Revised Statutes, is amended

2 by adding a new section to be appropriately designated and to

3 read as follows:

4     "**§134-     Butterfly knives; prohibitions; penalty.** (a)

5 Whoever knowingly manufactures, sells, transfers, possesses, or

6 transports in the State any butterfly knife, being a knife having

7 a blade encased in a split handle that manually unfolds with hand

8 or wrist action with the assistance of inertia, gravity or both,

9 shall be guilty of a misdemeanor.

10    (b)  Whoever knowingly possesses or intentionally uses or

11 threatens to use a butterfly knife while engaged in the

12 commission of a crime shall be guilty of a class C felony."

13    SECTION 2.   Section 134-51, Hawaii Revised Statutes, is

14 amended by amending subsection (a) to read as follows:

15    "(a)  Any person, not authorized by law, who carries

16 concealed upon the person's self or within any vehicle used or

17 occupied by the person or who is found armed with any dirk,

SOH 00040

18 dagger, [butterfly knife,] blackjack, slug shot, billy, metal

19 knuckles, pistol, or other deadly or dangerous weapon shall be

Page 2                                                    1496
                               H.B. NO.             H.D. 1
                                                   S.D. 1
                                                   C.D. 1

1 guilty of a misdemeanor and may be immediately arrested without

2 warrant by any sheriff, police officer, or other officer or

3 person.  Any weapon, above enumerated, upon conviction of the one

4 carrying or possessing it under this section, shall be summarily

5 destroyed by the chief of police or sheriff."

6       SECTION 3.  This Act does not affect rights and duties that

7 matured, penalties that were incurred, and proceedings that were

8 begun before its effective date.

9       SECTION 4.  Statutory material to be repealed is bracketed.

10 New statutory material is underscored.

11      SECTION 5.  This Act shall take effect upon its approval.

SOH 00041

SOH 00042

**REPORT TITLE:**
Dangerous; Deadly Weapons

**DESCRIPTION:**
Prohibits manufacture, sale, transfer, transport or possession of
butterfly knives.  (HB1496 CD1)

SOH 00043

HOUSE OF REPRESENTATIVES          H.B. NO.     1496
TWENTIETH LEGISLATURE, 1999                    H.D. 1
STATE OF HAWAII                                S.D. 1
                                               C.D. 1

_____
_____


            A   BILL   FOR   AN   ACT

RELATING TO DEADLY OR DANGEROUS WEAPONS.


**BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF HAWAII:**

1    SECTION 1.  Chapter 134, Hawaii Revised Statutes, is amended

2  by adding a new section to be appropriately designated and to

3  read as follows:

4    "§134-___  **Butterfly knives; prohibitions; penalty.**  (a)

5  Whoever knowingly manufactures, sells, transfers, possesses, or

6  transports in the State any butterfly knife, being a knife having

7  a blade encased in a split handle that manually unfolds with hand

8  or wrist action with the assistance of inertia, gravity or both,

9  shall be guilty of a misdemeanor.

10   (b)  Whoever knowingly possesses or intentionally uses or

11 threatens to use a butterfly knife while engaged in the

12 commission of a crime shall be guilty of a class C felony."

13   SECTION 2.  Section 134-51, Hawaii Revised Statutes, is

14 amended by amending subsection (a) to read as follows:

15   "(a)  Any person, not authorized by law, who carries

16 concealed upon the person's self or within any vehicle used or

17 occupied by the person or who is found armed with any dirk,

SOH 00044

18 dagger, [butterfly knife,] blackjack, slug shot, billy, metal

19 knuckles, pistol, or other deadly or dangerous weapon shall be

Page 2                                                          1496
                          H.B. NO.                    H.D. 1
                                                      S.D. 1
                                                      C.D. 1

1 guilty of a misdemeanor and may be immediately arrested without

2 warrant by any sheriff, police officer, or other officer or

3 person.  Any weapon, above enumerated, upon conviction of the one

4 carrying or possessing it under this section, shall be summarily

5 destroyed by the chief of police or sheriff."

6      SECTION 3.  This Act does not affect rights and duties that

7 matured, penalties that were incurred, and proceedings that were

8 begun before its effective date.

9      SECTION 4.  Statutory material to be repealed is bracketed.

10 New statutory material is underscored.

11      SECTION 5.  This Act shall take effect upon its approval.

SOH 00045

SOH 00046