PAMELA W. BUNN             6460
WENDY F. HANAKAHI          7963

DENTONS US LLP
1001 Bishop Street, Suite 1800
Honolulu, Hawai`i  96813
Telephone:  (808) 524-1800
Facsimile:   (808) 524-4591
E-mail:  pam.bunn@dentons.com
             wendy.hanakahi@dentons.com

Attorneys for *Amicus Curiae*
EVERYTOWN FOR GUN SAFETY
SUPPORT FUND

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| ANDREW TETER and JAMES GRELL,<br><br>    Plaintiffs,<br><br>v.<br><br>CLARE E. CONNORS, in her official capacity as the Attorney General of the State of Hawaii, and AL CUMMINGS, in his official capacity as the State Sheriff Division Administrator,<br><br>    Defendants. | Civil No. CV19-00183-ACK-WRP<br><br>**CONSENT MOTION FOR LEAVE TO FILE BRIEF OF EVERYTOWN FOR GUN SAFETY SUPPORT FUND AS AMICUS CURIAE; EXHIBIT A**<br><br>Judge: Honorable Alan C. Kay<br>Trial: June 16, 2020, at 9:00 a.m. |

### CONSENT MOTION FOR LEAVE TO FILE BRIEF OF EVERYTOWN FOR GUN SAFETY SUPPORT FUND AS AMICUS CURIAE

With the consent of all parties, Everytown for Gun Safety Support Fund ("Everytown") respectfully moves for leave to file an amicus curiae brief in the above-captioned matter in connection with the Parties' motions for summary judgment currently set for hearing on April 28, 2020. If granted leave, Everytown will file the brief attached as Exhibit A.

A "district court has broad discretion to appoint amici curiae." *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). "An amicus brief should normally be allowed when . . . the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Cmty. Ass'n for Restoration of the Env't. (CARE) v. DeRuyter Bros. Dairy*, 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999) (citing *Northern Sec. Co. v. United States*, 191 U.S. 555, 556 (1903)). Everytown has this unique information or perspective.

Everytown is the education, research, and litigation arm of Everytown for Gun Safety, the nation's largest gun-violence-prevention organization, with millions of supporters across all fifty states, including thousands in Hawai'i. Everytown's mission includes defending gun laws through the filing of amicus briefs that provide doctrinal analysis and historical context that might otherwise be overlooked. Everytown has drawn on its expertise to file briefs in numerous

Second Amendment cases, including in a similar challenge to Hawaiʻi's stun-gun law currently pending before the Honorable Helen Gillmor in this District. *See Roberts v. Suzuki*, No. CV18-00125 HG-RT (D. Haw.);[1] *see also, e.g.*, *Duncan v. Becerra*, No. 19-55376 (9th Cir.) (large-capacity magazines); *Young v. Hawaii*, No. 12-17808 (9th Cir.) (public carry of firearms); *Avitabile v. Cuomo*, No. 16-CV-1447 (N.D.N.Y.) (stun guns); *Wright v. District of Columbia*, No. 16-CV-1556 (D.D.C.) (stun guns). Several courts have cited and relied on Everytown's amicus briefs in deciding such cases. *See Ass'n of N.J. Rifle & Pistol Clubs, Inc. v. Att'y Gen. N.J.*, 910 F.3d 106, 112 n.8 (3d Cir. 2018); *Rupp v. Becerra*, 401 F. Supp. 3d 978, 991-92 & n.11 (C.D. Cal. 2019), *appeal docketed*, No. 19-56004 (9th Cir. Aug. 28, 2019); *see also Rehaif v. United States*. 139 S. Ct. 2191, 2210-11 & nn. 4, 7 (2019) (Alito, J., dissenting).

Although Everytown takes no position on butterfly knife legislation of the sort involved in this case, it has a strong interest in ensuring that the Court is presented with a more complete picture of the relevant Second Amendment doctrine and history. Everytown seeks to file this brief to help ensure that, in ruling on the Parties' cross-motions for summary judgment, the Court is made

---

[1] At Judge Gillmor's invitation, on November 26, 2019, Everytown also presented oral argument as amicus curiae on the parties' summary judgment motions in *Roberts*. *See* No. CV18-00125 HG-RT, ECF No. 71.

3

aware of the full, and broad, Second Amendment implications of Plaintiffs' arguments.

All Parties have consented to the filing of this proposed amicus brief. The Court has already granted leave to the Hawaii Firearms Coalition to file an amicus brief in this case. ECF No. 40. Allowing Everytown leave to file as amicus will not cause any unnecessary delay, because this Motion is filed well in advance of the April 28, 2020 hearing on the Parties' respective motions for summary judgment.

## CONCLUSION

For the foregoing reasons, Everytown respectfully requests that this Court grant it leave to file the amicus curiae brief attached hereto as Exhibit A.

DATED: Honolulu, Hawai'i, January 22, 2020.

/s/ Wendy F. Hanakahi
PAMELA W. BUNN
WENDY F. HANAKAHI

Attorneys for Amicus Curiae
EVERYTOWN FOR GUN SAFETY SUPPORT FUND