Alan Alexander Beck
Law Office of Alan Beck
2692 Harcourt Drive
San Diego, CA  92123
(619) 905-9105
Hawaii Bar No. 9145
Alan.alexander.beck@gmail.com

Stephen D. Stamboulieh
Stamboulieh Law, PLLC
P.O. Box 4008
Madison, MS  39130
(601) 852-3440
stephen@sdslaw.us
MS Bar No. 102784
*Admitted Pro Hac Vice

Attorneys for Plaintiffs
ANDREW TETER & JAMES GRELL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANDREW TETER and JAMES GRELL | ) Civil No. 1:19-cv-00183 ACK-WRP ) ) |
| Plaintiffs, | ) PLAINTIFFS' RESPONSE TO DEFEN- ) DANTS' SEPARATE CONCISE |
| v. | ) STATEMENT OF FACTS; |
| CLARE E. CONNORS, in her Official Capacity as the Attorney General of the State of Hawaii and AL CUMMINGS in his Official Capacity as the State Sheriff Division Administrator | ) CERTIFICATE OF SERVICE ) ) ) ) ) |
| | ) TRIAL: June 16, 2020 - 9:00 AM |
| | ) JUDGE: Hon. Alan C. Kay |
| Defendants. _____) | ) HEARING: April 28, 2020 - 11 AM |

# **PLAINTIFFS' RESPONSE TO DEFENDANTS' SEPARATE CONCISE STATEMENT OF FACTS**

In accordance with Rule 56.1 of the Local Rules for the United States District Court for the District of Hawaii, Plaintiffs Andrew Teter and James Grell submit their Response to Defendants' Concise Statement Facts:

| FACT | EVIDENTIARY SUPPORT |
|---|---|
| 1. Plaintiffs filed their complaint on April 10, 2019. | *See* ECF 1.<br><br>**ADMITTED** |
| 2. Butterfly knives are banned in Hawaii pursuant to state law. See H.R.S. § 134-53. | *See* ECF No. 1, paragraph 52.<br><br>**ADMITTED** |
| 3. Plaintiffs challenge the constitutional validity and enforcement of H.R.S. § 134-53. | *See* ECF 1.<br><br>**ADMITTED** |
| 4. Defendants deny that Plaintiffs' rights under the Second Amendment or 42 U.S.C. § 1983 are being violated, deny that Plaintiffs are entitled to preliminary and injunctive relief, and deny that Plaintiffs are entitled to a declaratory ruling by the court. | See ECF No. 17, paragraph 17.<br><br>**ADMITTED** only to the extent Defendants deny what they claim to deny. **OBJECTION** to inclusion in Concise Statement of Fact as these are questions of law and violate LR 56.1(b) as they do not "assert only the material facts that are necessary for the court to determine the issues presented in the motion." |
| 5. Defendants deny that Plaintiffs are entitled to declaratory relief, or that there is a substantial likelihood that Plaintiffs will suffer irreparable injury in the | See ECF No. 17, paragraph 18.<br><br>**ADMITTED** only to the extent Defendants deny what they claim to deny. **OBJECTION** to inclusion in Concise Statement of Fact as these contain questions |

| | |
|---|---|
| future, and deny all remaining allegations contained therein. | of law and violate LR 56.1(b) as they do not "assert only the material facts that are necessary for the court to determine the issues presented in the motion." **FURTHER OBJECTION** that the statement "deny all remaining allegations contained therein" does not allow the Plaintiffs to meaningfully reply to the Concise Statement of Fact. |

**AND NOW**, pursuant to LR 56.1(e), Plaintiffs incorporate by reference their previously filed Separate Concise Statement of Facts in Support of Motion for Summary Judgment, filed on January 14, 2020 [Docket 34, PageID# 185-188].

Dated: Madison, Mississippi, March 30, 2020.

Respectfully submitted,

/s/ Alan Beck
Alan Alexander Beck

*/s/ Stephen D. Stamboulieh*
Stephen D. Stamboulieh
Stamboulieh Law, PLLC
*\*Admitted Pro Hac Vice*