(1) Including industrial property under the de minimus structure position discrepancy of 0.25 feet;

(2) Making the owner of the property upon which the improvement is substantially located responsible when the owner who constructed the improvement is not readily identifiable; and

(3) Eliminating the requirement that the structure position discrepancy be in existence on the effective date of Act 131, Session Laws of Hawaii 1997, for the law regarding de minimus encroachments to apply.

Your Committee finds that the current laws applicable to de minimus encroachments on commercial and residential property should, in fairness, apply to industrial property as well.

Testimony in support of this measure was submitted by the Hawaii Association of Realtors, Real Estate Update, Inc., and Title Guaranty of Hawaii, Inc.

Upon further consideration, your Committee has amended this measure by making a technical, non-substantive change for the purposes of clarity and style.

As affirmed by the record of votes of the members of your Committee on Judiciary that is attached to this report, your Committee is in accord with the intent and purpose of H.B. No. 77, H.D. 1, as amended herein, and recommends that it pass Second Reading in the form attached hereto as H.B. No. 77, H.D. 1, S.D. 1, and be placed on the calendar for Third Reading.

Signed by the Co-Chairs on behalf of the Committee.
Ayes, 5. Noes, none. Excused, 2 (Tanaka, Anderson).

SCRep. 1388        Judiciary on H.B. No. 1492

The purpose of this bill is to clarify the definition of contraband as used for the offense of promoting prison contraband in the second degree.

Your Committee finds that section 710-1022, Hawaii Revised Statutes (relating to the offense of promoting prison contraband in the first degree), deals exclusively with dangerous instruments and drugs. However, section 710-1023 (relating to the offense of promoting prison contraband in the second degree) also includes dangerous instruments and drugs within the definition of "contraband," thus causing overlapping of the two offenses.

Your Committee notes that this overlapping between the offenses of promoting prison contraband in the first and in the second degree have restricted the State to charging the lesser offense when dangerous instruments and drugs are involved. Accordingly, your Committee finds that this bill is necessary to clarify the distinctions between the two offenses and to permit the State to charge the higher offense when dangerous instruments and drugs are involved in promoting prison contraband cases.

Testimony in support of this measure was submitted by the Department of Public Safety, the Department of the Prosecuting Attorney for the City and County of Honolulu, and the Honolulu Police Department.

As affirmed by the record of votes of the members of your Committee on Judiciary that is attached to this report, your Committee is in accord with the intent and purpose of H.B. No. 1492 and recommends that it pass Second Reading and be placed on the calendar for Third Reading.

Signed by the Co-Chairs on behalf of the Committee.
Ayes, 5. Noes, none. Excused, 2 (Tanaka, Anderson).

SCRep. 1389        Judiciary on H.B. No. 1496

The purpose of this bill, as received by your Committee, is to:

(1) Create a new misdemeanor offense to knowingly manufacture, sell, transfer, possess or transport a butterfly knife;

(2) Create a new class C felony offense to knowingly possess or intentionally use or threaten to use a butterfly knife while engaged in the commission of a crime; and

(3) Delete "butterfly knife" from the prohibition against carrying deadly or dangerous weapons concealed upon a person's self or within a vehicle.

Your Committee finds that certain types of knives, particularly switchblade and butterfly knives, are associated with gang activity. Your Committee believes that butterfly knives (also known as balisongs or gravity knives) appear to be covered within the statutory definition of switchblade knives. However, your Committee further finds that although switchblade knives are presently illegal, stores openly sell, and minors can readily purchase, butterfly knives.

EXHIBIT D

SENATE JOURNAL - STANDING COMMITTEE REPORTS

1559

Your Committee is aware, however, that the Hawaii Supreme Court, in In the Interest of John Doe, (FC-J No. 91-55223), has held that a butterfly knife does not have a blade that opens automatically by operation of inertia, gravity, or both, and thus is not a switchblade knife under section 134-52, Hawaii Revised Statutes. The court reasoned that the legislative history of section 134-52 did not expressly indicate whether the legislature intended to include butterfly knives under this statute. Therefore, it is your Committee's intent to clarify that butterfly knives should be treated in the same manner as switchblade knives.

Testimony in support of this measure was submitted by the Department of the Prosecuting Attorney of the City and County of Honolulu, the Honolulu Police Department, and a private citizen. Testimony in opposition to this measure was submitted by the Office of the Public Defender and the Pedoy School of Escrima.

Upon further consideration, your Committee has amended this bill by:

(1) Retaining existing law, which includes "butterfly knife" in the prohibition against carrying deadly or dangerous weapons concealed upon a person's self or within a vehicle;

(2) Clarifying that butterfly knives are subject to the same prohibitions as switchblade knives; and

(3) Creating a class C felony offense for sales of such knives to minors.

As affirmed by the record of votes of the members of your Committee on Judiciary that is attached to this report, your Committee is in accord with the intent and purpose of H.B. No. 1496, H.D. 1, as amended herein, and recommends that it pass Second Reading in the form attached hereto as H.B. No. 1496, H.D. 1, S.D. 1, and be placed on the calendar for Third Reading.

Signed by the Co-Chairs on behalf of the Committee.
Ayes, 5. Noes, none. Excused, 2 (Tanaka, Anderson).

SCRep. 1390    Judiciary on H.B. No. 72

The purpose of this bill is to amend the campaign spending law with respect to the voluntary expenditure limit and public matching funds provisions. Specifically the bill:

(1) Amends the definition of "qualifying contribution" to clarify that makers of such contributions cannot have contributed more than $100 during any matching payment period;

(2) Deletes the exemption for certain fundraising costs from the voluntary campaign expenditures limit;

(3) Repeals a provision permitting a candidate to withdraw an affidavit of compliance with voluntary spending limits;

(4) Moves the deadline for filing affidavits of compliance to the date of filing nomination papers;

(5) Clarifies that expenditure limits apply to each election;

(6) Changes the time period within which candidates who exceed spending limits must notify all contributors from the same day to thirty days;

(7) Amends the distribution procedure for the Hawaii Election Campaign Fund, if near depletion, to distribution by order in which application filed;

(8) Clarifies that the maximum amount of public matching funds available to any candidate is based on the maximum expenditure limit per election;

(9) Allows the minimum qualifying contributions for each election to be based on the total qualifying contributions to date instead of just those relating to the particular election (primary, general, or special) for which matching funds are sought;

(10) Changes the deadline for application for matching funds from sixty to thirty days after the general election;

(11) Changes the time by which initial public funds checks must be issued from ten to twenty days after application;

(12) Deletes a provision that a candidate less than one percent over expenditure limits need only return twenty-five percent of public funds; and

(13) Clarifies that all unspent public funds must be returned.

Your Committee finds that the changes to the elections law made by this bill will promote fairness in the campaign process, more effective use of public matching funds for their intended purpose, and encourage compliance with voluntary spending limits.

Your Committee's reading of this bill is that it will change the matching fund requirements by allowing candidates to meet the minimum contribution requirement based on their total qualifying contributions collected during any matching payment period, even if