CLARE E. CONNORS   7936
Attorney General of Hawaii

CARON M. INAGAKI   3835
RYAN M. AKAMINE   4358
Deputy Attorneys General
Department of the Attorney
  General, State of Hawaii
425 Queen Street
Honolulu, Hawaii 96813
Telephone: (808) 586-1494
e-mail:  Caron.M.Inagaki@hawaii.gov
         Ryan.M.Akamine@hawaii.gov

Attorneys for Defendants
CLARE E. CONNORS and
AL CUMMINGS, in their official capacities

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANDREW TETER and JAMES GRELL,<br><br>                Plaintiffs,<br><br>      v.<br><br>CLARE E. CONNORS, in her Official Capacity as the Attorney General of the State of Hawaii, and AL CUMMINGS, in his Official Capacity as the State Sheriff Division Administrator,<br><br>                Defendants. | Civil No. CV19-00183-ACK-WRP<br><br>DEFENDANTS CLARE E. CONNORS AND AL CUMMINGS', IN THEIR OFFICIAL CAPACITIES, REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT [ECF 36]; CERTIFICATE OF SERVICE<br><br>Judge: Honorable Alan C. Kay<br>Trial: June 16, 2020 at 9:00 AM<br>Hearing: April 28, 2020 at 11:00 AM |

798737_1

DEFENDANTS CLARE E. CONNORS AND AL CUMMINGS',
IN THEIR OFFICIAL CAPACITIES, REPLY IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT [ECF 36]

Defendants' motion for summary judgment [ECF 36] asks this Court to find that there are no genuine issues of material fact, and as a matter of law Hawaii Revised Statutes ("HRS") § 134-53, pertaining to butterfly knives, is facially constitutional. Plaintiffs oppose this request and argue that the statute is facially unconstitutional because knives are the most common of arms, that butterfly knives are not dangerous and unusual or like switchblades, and that HRS § 134-53 does not meet constitutional muster. Plaintiffs argue that this Court should apply strict scrutiny review of the statute, but they also argue that the statute doesn't survive intermediate scrutiny review. Defendants' position is that butterfly knives are dangerous and unusual and therefore not subject to the Second Amendment, but if this Court finds otherwise, the appropriate constitutional review is intermediate scrutiny and the statute is constitutional.

Plaintiffs discount Hawaii's legislative history regarding the butterfly knife statute. They say that Hawaii's history is hardly a noble pedigree, and that Hawaii's history on weapons regulation is utterly irrelevant here, even though this Court's statutory review properly includes a review of the legislative history. Plaintiffs say that butterfly knives are not dangerous and unusual, even though that was in fact the Hawaii State Legislature's findings in support of HRS § 134-53. It

should be noted that Defendants are not arguing that the enactment of the butterfly statute was unopposed. The Hawaii State Legislature received testimony in support of the butterfly knife statute from the Department of the Prosecuting Attorney of the City and County of Honolulu, the Honolulu Police Department, and a private citizen, and opposing testimony from the Office of the Public Defender and the Pedoy School of Escrima (a martial arts school), and after considering all of the testimony the legislature moved to enact HRS § 134-53.

Plaintiffs' citations to the legislative testimony opposing the measure did not necessarily contradict the legislative finding in support of the law. For example, "Because its blade can be concealed inside the two handles, it has become the easiest to carry knife. So, people prefer carrying it in the pocket as their primary self defense weapon. It works brilliantly as the defense weapon. Since it is quick, the blade can be deployed at once." *See* ECF 51-1, PageID #455-456. This description supports the butterfly knife also being used as an offensive weapon by criminals and gang members. Similarly, the references to martial arts weapons is not just a reference to defensive use, but can also be a reference to offensive use by criminals and gang members.

Butterfly knives are a subset of knives. Just as switchblades are a subset of knives. The Hawaii State Legislature sought to ban the two subsets of knives through HRS § 134–52. But when the Hawaii Supreme Court in *Interest of Doe*, 73

Haw. 89, 828 P.2d 272 (1992), found that a butterfly knife did not fit within the descriptive definition in the switchblade statute, the legislature sought a correction of this purported legal ambiguity by making it clear that it intended to make butterfly knives illegal, and enacted HRS § 134-53.

This is not a case where the Hawaii State Legislature intended to make a pocket knife a switchblade, or a butterfly knife as Plaintiffs seem to suggest by their analogy to the California case of *People v. Castillolopez*, 63 Cal. 4th 322, 332, 371 P.3d 216, 221, 202 Cal. Rptr. 3d 703, 710, 2016 Cal. LEXIS 3754, *17 (referencing § 21510. *Possession, carrying, sale, loan or transfer of switchblade knife prohibited*, Cal. Penal Code § 21510 (West)). *See* ECF 51-1, PageID #457. But it is interesting that when interpreting the predecessor statute to Cal. Penal Code § 21510 (West), a California court found that certain butterfly knives fit the penal definition of switchblades. *See People ex rel. Mautner v. Quattrone*, 211 Cal.App.3d 1389, 1398, 260 Cal.Rptr. 44, 47 (Ct. App. 1989) ("The butterfly knife may require more steps to operate than the steps needed to open the gravity knife, but it is the speed and ease of operation that concerned the Legislature. The butterfly knife is opened rapidly with one hand and is ready for use; any distinction based on a difference of a fraction of a second would run contrary to the objective behind the statute. (See generally, *People v. Aston, supra*, 39 Cal.3d at pp. 490–491, 216 Cal.Rptr. 771, 703 P.2d 111.) We conclude the butterfly and Tekna

knives at issue are illegal switchblades as defined by the statute.") The predecessor statute was § 653k. *Switch-blade knife having blade longer than two inches; possession in motor vehicle; carrying; sale or disposition; definitions*, Cal. Penal Code § 653k (West), which was repealed and updated effective January 1, 2012, without substantial change, by three new sections: Cal. Penal Code § 21510 (West); § 17235. *Switchblade knife defined*, Cal. Penal Code § 17235 (West); and, § 16965. *Passenger's or driver's area defined*, Cal. Penal Code § 16965 (West). *See also*, *People v. Ontiveros*, No. B256147, 2015 WL 2148952, at *9 (Cal. Ct. App. May 7, 2015) ("A butterfly or switchblade knife is not illegal, unless its blade is two or more inches long. (§ 21510.)")

Here, the State of Hawaii's interest and purpose of the statute was clearly articulated as public safety, by enacting a ban on certain specific knives which are preferred because they are easy to conceal and are more intimidating when brandished, and are found to be used by criminals and gang members. Only butterfly knives specifically defined as "a knife having a blade encased in a split handle that manually unfolds with hand or wrist action with the assistance of inertia, gravity, or both," are prohibited. It doesn't matter that common folding knives are just as concealable and open faster than butterfly knives. *See* ECF 51-1, PageID #468. Logically, if a knife does not fit the definition of a butterfly knife, it arguably is not illegal.

In the event this Court does not agree that butterfly knives are dangerous and unusual, and finds that knives are arms under the Second Amendment, intermediate scrutiny applies and this Court should grant Defendants' motion by applying the Ninth Circuit's two-step analysis in *Jackson v. City & County of San Francisco*, 746 F.3d 953, 960 (9th Cir. 2014). There is no legal reason for this Court to impose strict scrutiny and the First Amendment Doctrine of Underbreath or underinclusivity, as suggested by the Plaintiffs. *See* ECF 51-1, PageID #466-467.

The government's objective in banning butterfly knives was to protect public safety by reducing access to such weapons by criminals and gang members, which is clearly a significant, substantial, or important state interest. There is a reasonable fit between the challenged regulation and the asserted objective in that HRS § 134-53 bans only specifically defined butterfly knives and is not a complete ban on all knives. This Court should apply *State v. Murillo*, 347 P.3d 284 (N.M. Ct. App. 2015) and not *State v. Hermann*, 2015 WI App 97, 366 Wis.2d 312, 873 N.W.2d 257, as argued by Plaintiffs. Plaintiffs argue that *Murillo* did not take into account possession of the switchblade in the home, when in fact it did:

> Defendant points out that Section 30–7–8 does not provide exceptions for places where a switchblade might be carried or for the length of the blade. Defendant argues, in essence, that although regulation of switchblades might be permissible, the categorical ban instituted by Section 30–7–8 is *290 unconstitutional.

> We do not agree. While the statute might be characterized as prohibiting an entire class of arms (switchblades), it might equally be characterized as a ban on a mere subset of a type of arms (knives) that is itself peripheral to self-defense or home security. Ultimately, Defendant's point is semantic and beside the point. The real issues are: (1) the degree of the burden placed on the right to keep and bear arms, which, in this case, is unsubstantial and (2) the distance from the core of the right, which, in this case, is remote. The fact that the statute effects a categorical ban is not, of itself, decisive.

*State v. Murillo*, 2015-NMCA-046, ¶ 14, 347 P.3d 284, 289–90.

## IV. CONCLUSION

Based on the legislative history of the statute and arguments presented, Defendants ask this Court to find that HRS § 134-53 is facially constitutional, and respectfully request that this Court grant their motion for summary judgment.

Dated: Honolulu, Hawaii, April 14, 2020.

STATE OF HAWAII

CLARE E. CONNORS
Attorney General of Hawaii

/s/ Ryan M. Akamine
CARON M. INAGAKI
RYAN M. AKAMINE
Deputy Attorneys General

Attorneys for Defendants
CLARE E. CONNORS and
AL CUMMINGS, in their official capacities